UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JUSTIN BRADLEY MARTIN, | ) |
| Plaintiff, | ) Case No. 4:24-cv-9 |
| | ) Judge Atchley |
| v. | ) |
| | ) Magistrate Judge Lee |
| LINCOLN COUNTY JAIL, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This pro se prisoner's civil rights action under 42 U.S.C. § 1983 was transferred to this Court by the United States District Court for the Middle District of Tennessee following assessment of the filing fee [Doc. 19]. Before the Court are Plaintiff's complaint [Doc. 1] and supplement [Doc. 10]; motion to appoint counsel [Doc. 5]; and motion for compensatory damages [Doc. 18]. For the reasons set forth below, the Lincoln County Jail will be dismissed, Plaintiff will be ordered to file an amended complaint, and Plaintiff's motions will be denied.

**I. SCREENING OF PLAINTIFF'S COMPLAINT AND SUPPLEMENT**

**A. Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules

of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint and Supplement[1]

Between 7:30 or 8:30 p.m. on October 17, 2023, while he was housed as a pretrial detainee in the Lincoln County Jail, Plaintiff "was jumped [and] beaten in cell 147 by [two] inmates" [*Id*. at 4, 5, 13, 16]. Plaintiff's hip was broken in the altercation, and he sustained lacerations to his face and head [*Id*. at 4]. The correctional officers, believed by Plaintiff to be Deputy Woodard and Deputy Mike Chardo, "took almost [ten] minutes to stop [the] attack[,]" even though they

---

[1] Plaintiff's supplement basically reiterates the allegations in Plaintiff's complaint [*Compare* Doc. 1 *with* Doc. 10]. Therefore, the Court cites the supplement only where necessary to clarify a claim made in Plaintiff's initial complaint.

"came in [and] out of the cell during the attack" [Doc. 1 p. 4, Doc. 10, p. 1]. Plaintiff and his two attackers were taken to the "hole[,]" but paramedics arrived shortly thereafter and took Plaintiff by wheelchair to booking to be photographed [Doc. 10 p. 1]. Then the paramedics took Plaintiff to Lincoln Medical, where x-rays and CT scans were performed, and his lacerations were stitched [Doc. 1 p. 16–17]. But because no orthopedic doctor was present at Lincoln Medical, Plaintiff was transported to Vanderbilt Tullahoma-Harton ("Vanderbilt") at approximately 1:45 a.m. on October 18, 2023 [*Id*. at 17]. At Vanderbilt, it was confirmed that Plaintiff's hip was broken [*Id*.].

Plaintiff remained in the hospital until October 21, 2023, when he was returned to the Lincoln County Jail and placed in an isolated medical cell [*Id*. at 13, 17]. The following day, Plaintiff attempted to telephone his attorney using the phone in the medical unit, but the voice recognition would not work [*Id*. at 13]. Plaintiff also missed a court date on Monday, October 23, 2023, because staff did not take him [*Id*.]. On October 25, 2023, Plaintiff was evaluated by a doctor at the Lincoln County Jail and released to cell 203, an administrative isolation cell, where he slept on the floor [*Id*. at 13, 17]. Then entire time Plaintiff was in isolation, he could not use the kiosk or telephone [*Id*.].

On October 27, 2023, the jail went under a Covid-19 lockdown, and Plaintiff was moved to cell 208, a general population cell, because the jail needed the isolation cells to quarantine inmates infected with Covid-19 [*Id*.]. On October 29, 2023, he asked for "a better mat" and was told that a nurse was trying to get it approved [*Id*. at 13]. Plaintiff slept on the floor until October 30, 2023, when he received a bottom bunk [*Id*. at 13, 17].

Plaintiff's "whites [and] hygiene" were stolen from cell 147, so on October 31, 2023, he filed a grievance to receive those items [*Id*.]. The same day, Plaintiff received hygiene items and "whites" [*Id*.].

3

On November 2, 2023, Jail Administrator Brian Jenkins came to Plaintiff's cell and informed him that the two inmates who attacked Plaintiff were being charged with aggravated assault [*Id*. at 13–14]. He also confirmed that a deputy entered Plaintiff's cell twice during the attack [*Id*. at 14].

Plaintiff again requested whites on November 3, 2023, and although he received some used whites, they were too small and "rubbed [Plaintiff] raw" [*Id*.]. Plaintiff remained in a great deal of pain, and he was still unable to use the phone [*Id*.]. By November 4, 2023, Plaintiff assumed he was "being punished or being kept qui[et,]" even though he did nothing wrong [*Id*.]. Plaintiff was still unable to "get a visit" [*Id.*].

On November 5, 2023, Plaintiff placed a grievance "to get [his] brother approved" [*Id*. at 14]. But Plaintiff remained on Covid-19 lockdown the following day [*Id*.]. Plaintiff finally "gained phone access" on November 5, 2023 [*Id*. at 17].

Aggrieved, Plaintiff filed the instant suit seeking unspecified monetary damages for the constitutional violations alleged [*Id*. at 5].

**C.     Analysis**

Plaintiff alleges (1) denial of adequate medical care, (2) failure of officers to protect him, (3) denial of right to communicate with family and/or his attorney, (4) denial of access to the court, and/or (5) unconstitutional conditions of confinement [*See generally* Doc. 1]. But Plaintiff has named the Lincoln County Jail as the sole Defendant in this action. However, a jail is a building, not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28,

2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). And Plaintiff does not attribute any wrongdoing to an official custom or established policy of Lincoln County, such that the County itself could be liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Therefore, Plaintiff's complaint fails to state a claim as to the Lincoln County Jail, and the Court will not liberally construe the complaint against Lincoln County. This Defendant will be **DISMISSED**.

Nevertheless, because it is possible that Plaintiff may be able to state a claim under § 1983 if he can set forth sufficient facts linking the suffered harm to the individual(s) responsible, the Court will allow him to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff will be **ORDERED** to file an amended complaint within twenty-one (21) days of entry of this Order that contains a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific party(ies) responsible for that violation. Plaintiff should avoid legal arguments and conclusory statements of fact in this amended complaint, but rather, he must set forth specific facts–the who, what, when, where, why–that led to him filing this lawsuit. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his

5

amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.[2]

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## II. MOTIONS

Plaintiff has filed a motion for the appointment of counsel [Doc. 5], and a motion for compensatory damages [Doc. 18]. The Court considers each motion in turn.

---

[2] Plaintiff has filed multiple letters regarding conditions and incidents at the Lincoln County Jail and making various requests [*See* Docs. 8, 9, 15, 16]. But letters are not pleadings. That is, Plaintiff's letters do not set forth any claims this Court will consider. Nor are letters an appropriate means of communicating with the Court. As such, Plaintiff is **NOTIFIED** that he must use the word "Motion" in the title of any document in which he asks the Court to act. And to the extent Plaintiff seeks to continually supplement or amend his complaint, the Court **WARNS** him that he must exhaust his intended claim(s) through the facility's administrative process before he seeks to file any new claims. *See, e.g., Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). The Court also **NOTIFIES** Plaintiff that its local rules require "[a]ny amendment to a pleading. . . . shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." *See* E.D. Tenn. L.R. 15.1. Therefore, Plaintiff should refrain from filing piecemeal allegations in separate documents.

6

### A.     Motion to Appoint Counsel

Plaintiff has filed a letter, which the Court construes as a motion, requesting the appointment of counsel [Doc. 5]. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993) (internal citations omitted). In determining whether "exceptional circumstances" exist, the Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d 601).

Plaintiff's case does not appear particularly complex, either legally or factually. And it appears to the Court that, at this time, Plaintiff may adequately represent himself. Thus, Plaintiff has not established that these are exceptional circumstances that justify appointment of counsel in this action, and his motion [Doc. 5] will be **DENIED**.

### B.     Motion for Compensatory Damages

Plaintiff asks the Court to order him to receive compensatory damages [Doc. 18]. But compensatory damages are a form of relief following a finding of liability. And this Court has not found any party liable for the wrongdoing alleged by Plaintiff. Accordingly, this motion [*Id.*] will be **DENIED**. However, to the extent Plaintiff filed the instant motion merely to add to his lawsuit a request for compensatory damages as a form of relief, he may make such a request in the amended complaint the Court has ordered him to file.

### III.    CONCLUSION

For the reasons set forth above:

1.     The Lincoln County Jail is **DISMISSED**;

7

2. Plaintiff shall have twenty-one (21) days from entry of this Order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

3. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted and for failure to prosecute and comply with an Order of the Court;

4. Plaintiff's motions for counsel and compensatory damages [Docs. 5, 18] are **DENIED**; and

5. Plaintiff must immediately inform the Court and Defendant(s) or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE